NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0561n.06

No. 21-3365

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| BLUE ASH AUTO BODY, INC., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| STATE FARM MUTUAL AUTOMOBILE | ) | OHIO |
| INSURANCE CO. | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

**FILED**
Dec 03, 2021
DEBORAH S. HUNT, Clerk

BEFORE: COLE, KETHLEDGE, and WHITE, Circuit Judges.

KETHLEDGE, Circuit Judge. Blue Ash Auto Body brought this suit to assert rights it purportedly obtained as an assignee of insurance contracts that expressly banned any such assignments absent the approval of State Farm Mutual Automobile Insurance. The district court granted summary judgment to State Farm. We affirm.

Blue Ash operates an auto-repair shop in Hamilton County, Ohio. Rather than charge its customers directly for their repairs, Blue Ash obtained from each customer an "Assignment of Proceeds," which purportedly assigned to Blue Ash the customers' rights to their insurance proceeds. Blue Ash asserted that this assignment allowed it to collect from State Farm the reasonable cost of repairs that exceeded the amount State Farm agreed to pay on the customers' behalf. State Farm insured many of Blue Ash's customers. But State Farm's insurance contracts contained an anti-assignment provision, which stated: "No assignment of benefits or other transfer

of rights is binding upon *us* unless approved by *us*." (emphasis in original). State Farm never approved any assignment of contractual rights to Blue Ash.

Blue Ash repaired 97 cars insured by State Farm but disagreed as to the reasonable cost of repairs. Blue Ash thereafter filed this suit, claiming that State Farm was liable for breach of the insurance contract and unjust enrichment. The district court granted summary judgment to State Farm, holding that the purported assignments were barred by the contracts' anti-assignment provision and that the unjust-enrichment claim also failed as a matter of law because Blue Ash did not confer a benefit on State Farm. This appeal followed.

Blue Ash first argues that the assignments were valid under Ohio law. As an initial matter, State Farm has chosen to present virtually no argument in its brief to this court, instead unhelpfully directing us to retrieve and read a brief that it filed in the district court. But a judge reading State Farm's brief might not have ready access to briefs filed in a different court, which makes this practice unwise at best or waiver at worst. In any event, we can affirm on any basis supported by the record here. *Kennedy v. City of Villa Hills*, 635 F.3d 210, 214 n.2 (6th Cir. 2011).

Under Ohio law, an assignment of contract rights is generally invalid when "there is clear contractual language prohibiting assignment." *Pilkington N. Am., Inc. v. Travelers Cas. & Sur. Co.*, 861 N.E.2d 121, 128 (Ohio 2006). Here, the insurance contracts expressly barred any assignment absent State Farm's consent and State Farm did not consent to any of the assignments. Blue Ash counters that the *Pilkington* court chose not to enforce the anti-assignment clause there, and contends that we should do the same here. But *Pilkington* stands apart from this case: there, the assignee was a successor-in-interest to a predecessor company that had suffered a fixed loss before the succession and assignment. Here, by contrast, the insureds purported to assign their

rights to a third party—Blue Ash—and the amounts of their losses are disputed. Suffice it to say that *Pilkington's* facts are distinguishable. The terms of the insurance contracts govern here.

Blue Ash also argues that we should revive its unjust-enrichment claim, asserting that rejection of the assignments leaves State Farm unjustly enriched. But State Farm did not benefit from the work done by Blue Ash; the insureds did. State Farm therefore was not unjustly enriched. *See Johnson v. Microsoft Corp*., 834 N.E.2d 791, 799 (Ohio 2005).

The district court's judgment is affirmed.